UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
|   TERRY GREEN | ) | |
| | ) | CASE NO. 17-31825-WRS-7 |
|   Debtor(s). | ) | |

## MOTION FOR ENTRY OF ORDER CONFIRMING STAY TERMINATION PURSUANT TO 11 U.S.C. §§ 521(a) and 362(h)

Now Comes the Movant, MAX CREDIT UNION, a creditor herein, by its attorneys, Chambless Math ❖ Carr, P.C. and for its Motion for Order Confirming Stay Termination pursuant to 11 U.S.C. § 362(h), states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334, as referred under 28 U.S.C. Section 157, and it constitutes a "core proceeding" within the meaning of the latter statute.

2. This Motion is made pursuant to Bankruptcy Rule 4001, and in conformity with Bankruptcy Rule 9014.

3. The Debtor was at the time of the filing of his petition, and still is, justly and truly indebted to the movant in the sum of $24,385.26 plus interest as provided contract rate until paid.

4. The consideration was an obligation for the sum and on the date shown on the security agreement entered into between the debtor and the movant.

5. There are no setoffs or counterclaims to said debt, and it is free from any charge forbidden by applicable law.

6. Pursuant to said obligation, the movant has a security interest in goods as follows: 2014 DODGE RAM.

Case 17-31825    Doc 20    Filed 08/21/17    Entered 08/21/17 13:06:58    Desc Main
           Document      Page 1 of 3

7. The value of the property in which the movant has a security interest is less than the amount of the debt.

8. Pursuant to 11 U.S.C. §362(h), the automatic stay provided by Section 362(a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails either (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or (B) to take timely the action specified in such statement.

9. The Debtor has failed to reaffirm, redeem or surrender said property as required by the Code. The debtor does not have equity in said property and it is not necessary for an effective reorganization. Movant is and will continue to suffer irreparable harm from continuation of the 11 U.S.C. Section 362 automatic stay.

10. The Creditor has not refused to allow a reaffirmation on the same or substantially the same terms as the original contract.

11. Meanwhile, Debtor(s) continue(s) to use and enjoy the movant's collateral while same continues to depreciate in value without adequate protection and compensation to movant.

12. The Trustee may be claiming an interest in the collateral and should maintain same or be forever barred.

13. Pursuant to 11 U.S.C. §362(h), the Movant requests entry of an order confirming that the automatic stay is no longer in effect.

WHEREFORE, movant moves for an Order confirming termination of the Section 362 Automatic Stay, along with such further and other relief as the Court may deem proper.

MAX CREDIT UNION

/s/ Leonard N. Math

By: Leonard N. Math

Of Counsel:
Chambless Math ❖ Carr, P.C.
P.O. Box 230759
Montgomery, Alabama 36123-0759
334-272-2230
lmath@chambless-math.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served on all attorneys of record as set forth below on August 21, 2017.

x    by electronic service

CARLY B. WILKINS
Chapter 7 Trustee
560 SOUTH MCDONOUGH ST SUITE A
MONTGOMERY AL 36104
cwilkins@cbwlegal.com

RICHARD D SHINBAUM
SHINBAUM & CAMPBELL
PO BOX 201
MONTGOMERY AL 36101
rshinbaum@smclegal.com

x    depositing a copy thereof in the United States mail postage prepaid:

TERRY GREEN
3715 EDGAR D. NIXON
MONTGOMERY AL 36105

s/ Leonard N. Math<br>Chambless Math ❖ Carr, P.C.